IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 4, 2020

## IN RE HECTOR G.

**Appeal from the Chancery Court for Anderson County**
**No. 19CH1375     M. Nichole Cantrell, Chancellor**

_____

### No. E2019-01594-COA-R3-CV
_____

Petitioners appeal from the transfer of their guardianship action from chancery court to juvenile court. Because Petitioners have appealed a non-final judgment, we dismiss this appeal for lack of subject matter jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which JOHN W. MCCLARTY, and W. NEAL MCBRAYER, JJ., joined.

Mital D. Patel and Julie D. Eisenhower, Knoxville, Tennessee, for the appellants, Juan G., and Claudia G.

### OPINION

#### BACKGROUND

On July 12, 2019, Petitioners/Appellants Juan G. and Claudia G. (together "Petitioners") filed a motion seeking a guardianship over a minor child, Hector G., in the Anderson County Chancery Court ("the trial court"). The petition alleged that a guardianship was necessary because both of the child's parents had passed away. In addition, the petition specifically noted that the guardianship order would "be used for the secondary purpose of petitioning U.S. Citizen and Immigration Services to grant [the child] Special Immigrant Juvenile status, as defined in 8 U.S.C. § 1101(a)(27)(J)." In particular, the petition requested that the trial court make a finding as to "abuse, neglect, or abandonment" of the child, which finding would be used to seek Special Immigrant Juvenile status. Petitioners attached several documents to their motion. Many of the documents were official documents from Mexico, which were accompanied by certified

translations.

A hearing on the matter was held on July 19, 2019. No transcript is included in the record on appeal from this hearing. On the same day, the trial court entered an order transferring this matter to the Anderson County Juvenile Court ("juvenile court") pursuant to Tennessee Code Annotated sections 34-2-101,[1] 36-1-103,[2] and 37-1-104.[3]

Petitioners thereafter filed a timely motion to alter or amend the trial court's judgment, arguing that the trial court made certain findings in its prior decision that were erroneous. In particular, Petitioners asserted that the trial court made the following findings in support of its order of transfer:

> 1) that the Court has the jurisdiction to grant guardianship for the Minor; 2) that the Court has the jurisdiction to grant the Order of Best Interest, and; 3) that the Court has the jurisdiction to grant the Special Immigrant Juvenile Status for the Minor; but 4) that the Court does not have the jurisdiction to determine whether the Minor is dependent and neglected.[4]

[1] Section 34-2-101 provides as follows:

> (a) Actions for the appointment of only a guardian of the person may be brought in the juvenile court in the county in which there is venue. Actions for the appointment of a guardian of the person or property or both may be brought in a court exercising probate jurisdiction or any other court of record in the county in which there is venue.
> (b) An action for the appointment of a guardian may be brought in the county of residence of the minor, the county of residence of the minor's parents or, if the minor's parents are living apart, the county of residence of the custodial parent.

[2] Section 36-1-103 concerns prior adoptions and terminations. It is likely that the trial court intended to cite to Tennessee Code Annotated section 37-1-103, which provides that juvenile court has "exclusive jurisdiction" over "[p]roceedings in which a child is alleged to be delinquent, unruly or dependent and neglected[.]" Tenn. Code Ann. § 37-1-103(a)(1). We note that section 37-1-103 was recently amended to include the following provision:

> Notwithstanding this section, nothing in subdivision (a)(1) shall be construed to preclude a court from exercising domestic relations jurisdiction pursuant to title 36, regardless of the nature of the allegations, unless and until a pleading is filed or relief is otherwise sought in a juvenile court invoking its exclusive original jurisdiction.

Tenn. Code Ann. § 37-1-103(g); *see also* 2019 Tenn. Laws Pub. Ch. 167 (H.B. 854), eff. April 8, 2019 (stating that the amendment "shall apply to any case pending or filed on or after the effective date of this act"). Because of our resolution of this appeal, we do not reach Petitioner's argument that subsection (g) undermines the trial court's ruling in this case. We note, however, that nothing in Petitioner's guardianship petition appears to ask the trial court to "exercis[e] domestic relations jurisdiction pursuant to title 36[.]"

[3] Section 37-1-104 provides that probate court has concurrent jurisdiction with juvenile court to "[d]etermine the custody or appoint a guardian of the person of a child[,]" Tenn. Code Ann. § 37-1-104(a)(2).

[4] None of these findings is actually contained in the trial court's order, nor does the record include

- 2 -

Petitioners asserted that pursuant to state statute, federal statute, and state caselaw, the trial court had jurisdiction to grant the requested relief.

A hearing on Petitioner's motion to alter or amend was held on August 26, 2019. Therein, the trial court stated that it continued to interpret Tennessee law as stating that because Petitioners were "asking for findings of abuse, neglect or abandonment, that is within that realm of a dependency/neglect because to say that the child was abandoned is to find the child dependent." According to the trial court, those types of allegations were to be exclusively adjudicated in juvenile court. As such, the trial court entered an order denying Petitioner's motion to alter or amend the order of transfer. Petitioners thereafter appealed to this Court.

## DISCUSSION

Petitioners raise a number of issues related to the trial court's initial order of transfer and the denial of their motion to alter of amend. Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, in addition to the issues raised by the parties, we are also directed to consider "whether the trial and appellate court have jurisdiction over the subject matter" of the case. Tenn. R. App. P. 13(b). Petitioners, of course, urge this Court to reverse the trial court's implicit finding that it did not have subject matter jurisdiction over their petition. Because we conclude that this Court lacks subject matter jurisdiction over this appeal, however, we do not reach that issue.

Petitioners filed this appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Rule 3 provides an appeal as of right of "every final judgment entered by a trial court" in a civil action. Tenn. R. App. P. 3(a). If, however, "multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." *Id.* In other words, a final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." ***State ex rel. McAllister v. Goode***, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); ***In re Estate of Henderson***, 121 S.W.3d 643, 645 (Tenn. 2003).

Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See* ***Bayberry Assoc. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990); *cf.* Tenn. R. App. P. 9 (governing discretionary interlocutory appeals); Tenn. R. App. P. 10

a transcript attributing any oral findings of this kind to the trial court in the July 19, 2019 hearing.

(governing discretionary extraordinary appeals); Tenn. R. Civ. P. 54.02 (allowing appeals of some non-final judgments when certain requirements are met).[5] Consequently, "in a civil case an appeal as of right may be taken only after the entry of a final judgment." *Estate of Henderson*, 121 S.W.3d at 645 (citing Tenn. R. App. P. 3(a)).

In this case, Petitioners appeal from the trial court's order transferring this matter from chancery court to juvenile court. The trial court's order does not adjudicate any of the requests in Petitioner's guardianship petition but merely transfers those claims to another court for future adjudication. All of the claims raised in Petitioner's guardianship petition remain pending in the juvenile court. Thus, neither the July 19, 2019 order of transfer nor the subsequent order denying the motion to alter or amend are final judgments to which an appeal as of right lies to this Court. Indeed, this Court has previously indicated that "the proper vehicle" for review of a trial court's order regarding a transfer to another court is to file an application for interlocutory appeal to this Court. *See Williams v. City of Milan*, No. W2010-00450-COA-R9-CV, 2011 WL 538868, at *3 (Tenn. Ct. App. Feb. 16, 2011) (noting that a Rule 3 appeal of the trial court's order denying transfer was dismissed, but a Rule 9 interlocutory appeal was granted).

"The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). Because Petitioners have appealed from a non-final order, we must dismiss this appeal for lack of subject matter jurisdiction.[6]

## CONCLUSION

This appeal is dismissed. Costs are taxed to Appellants, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[5] Petitioners did not file an application for an interlocutory appeal pursuant to Rules 9 or 10 of the Tennessee Rules of Appellate Procedure. Additionally, the order appealed from the trial court was not made final pursuant to Rule 54.02.

[6] Because we dismiss this appeal, we express no opinion as to the correctness of the trial court's decision.

- 4 -